# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TODD CLARK,<br><br>Defendant. | Case No. CR10-2003<br><br>ORDER FOR PRETRIAL DETENTION |

On the 4th day of February, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Robert L. Teig. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

## RELEVANT FACTS

On January 26, 2010, Defendant Todd Clark was charged by Indictment (docket number 2) with being a felon in possession of a firearm and ammunition. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on April 5, 2010.

Special Agent Timothy Hunt of the Bureau of Alcohol, Tobacco, Firearms and Explosives testified regarding the circumstances underlying the instant charge. According to Special Agent Hunt, Defendant was seen driving by a Buchanan County deputy sheriff on December 17, 2009. The deputy knew that there was a warrant for Defendant's arrest, arising from alleged probation violations. Accordingly, the deputy conducted a traffic stop. When Defendant got out of the car, the deputy asked for his driver's license. Defendant then went to the passenger side of the vehicle and when he opened the door, the deputy saw a shotgun, ammunition, and a "white powdery substance." Martin Lundvall told the deputy that he had given Defendant the firearm to have it refurbished.

1

It is undisputed that Defendant was a convicted felon on December 17, 2009. Defendant has three felony convictions for burglary in the third degree, two felony convictions for possession of a firearm as a felon, and a felony conviction for theft in the second degree. Defendant received suspended five-year prison terms on all six prior felony convictions. Defendant has also received suspended two-year prison terms for two counts of driving while barred.

Special Agent Hunt testified that the probation violations giving rise to the arrest warrant included Defendant missing eight appointments with his state probation officer, failing to advise his probation officer regarding a change in address, failing to obtain an ordered substance abuse evaluation, and on three occasions when he was supposed to give UAs, Defendant admitting using illegal controlled substances.

According to the pretrial services report, Defendant is divorced, with two children. He told the pretrial services officer that he has been self-employed doing "scrap metal recycling" for the past 13 months. Prior to that time, Defendant was employed as a railway car repairman, until he quit in December 2008. Defendant is a graduate from Independence High School. His parents continue to reside in Independence.

Defendant suffers from type II diabetes, but controls the condition by watching his diet, rather than using medication. Defendant denies any history of mental health issues. Defendant told the pretrial services officer that he has not used alcohol since his second conviction for operating while intoxicated in 1999. Defendant admitted, however, that he has used methamphetamine "once every couple months" since 2003 or 2004.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a felon in possession of a firearm and ammunition, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm and ammunition. The evidence against Defendant is strong. It is apparently undisputed that Defendant was a convicted felon on December 17, 2009. Following a traffic stop on that date, Defendant was found in possession of a shotgun and ammunition. A witness will testify that he gave the firearm to Defendant to have it refurbished. Defendant has multiple prior felony convictions, including two prior state court convictions for being a felon in possession of a firearm – the same charge which he now faces. In addition, Defendant has a significant history of having failed to comply with the terms of probation. While on probation in Benton County for two counts of burglary in the third degree, Defendant was arrested for two counts of possession of a firearm as a felon in Buchanan County. While on probation in both Benton County and Buchanan County, Defendant was convicted of driving while barred in Black Hawk County. In 2007, Defendant's state court probation was modified to require Defendant to stay in a residential facility. Defendant was on probation in Buchanan County for two counts of possession of a firearm as a felon when he allegedly committed the instant offense of possessing a firearm as a felon. As noted above, Defendant was stopped because there was

a warrant for his arrest due to his multiple state court probation violations. The Court has no confidence that the Defendant would comply with any terms or conditions of his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), The Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 2, 2010) to the filing of this Ruling (February 5, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 5th day of February, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA